United States District Court
Southern District of Texas
**ENTERED**
November 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NNENNA MARY JONES, BOP #28527-510, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-24-2816 |
| v. | § § | |
| TANISHA HALL, WARDEN, FPC BRYAN, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

While in custody of the United States Bureau of Prisons at the Federal Prison Camp in Bryan, Texas ("FPC Bryan"), Nnenna Mary Jones filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), with an accompanying Memorandum for Habeas Corpus Petition ("Memorandum") (Docket Entry No. 1-1), challenging the calculation of time credits on her sentence. The respondent, Warden Tanisha Hall, has filed a Motion for Summary Judgment and Response ("Respondent's MSJ") (Docket Entry No. 13), arguing that the Petition must be dismissed because Jones failed to exhaust available administrative remedies before filing suit. Jones has not filed a response and her time to do so has expired. This action will be dismissed without prejudice for the reasons explained below.

## I. **Background**

Jones was convicted of one count of wire fraud.[1] In December of 2023 Jones was sentenced to serve a 14-month term of imprisonment, followed by a three-year term of supervised release.[2] Jones does not challenge the validity of her conviction or sentence.

In her Petition, which the Clerk docketed on July 10, 2024,[3] Jones argues that the BOP is miscalculating her good-time credits under 18 U.S.C. § 3642(g)(10).[4] She asserts that she is "entitled to immediate transfer to prerelease custody . . . under 18 U.S.C. [§] 3642(g)(10) which states that the 10% or 6 months time limit placed on home confinement eligibility under the Second Chance Act is no longer applicable to offenders with minimum risk to recidivate."[5] She further argues that "[b]ased on my projected good conduct time, I would have a statutory release date of

---

[1] See Memorandum, Docket Entry No. 1-1, p. 1; Respondent's MSJ, Docket Entry No. 13, p. 3 (referencing United States v. Jones, Criminal No. 4:22-CR-260 (E.D. Tex.)); see also Petition, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted by the courts Electronic Case Filing system.

[2] See Memorandum, Docket Entry No. 1-1, p. 1; Respondent's MSJ, Docket Entry No. 13, p. 4.

[3] As pointed out by the respondent, Jones is not entitled to the benefit of the Prison Mailbox Rule because Jones did not use the prison mailing system to mail the Petition. Jones states in the Petition that the Petition was "prepared and sent via email to a family member to help me mail due to time constraints." Petition, Docket Entry No. 1, p. 8.

[4] See Petition, Docket Entry No. 1, p. 2.

[5] Memorandum, Docket Entry No. 1-1, p. 1.

January 28th, 2025; but because of the application of Earned Time Credits under the First Step Act, my conditional projected release date is October 15th, 2024."[6] Jones requests that the court order the BOP to place her on supervised release.[7] She also requests that "if by August 2024 no decision has been made, I request for my supervised release Sentence of 3 years to be reduced to 1 year[.]"[8]

The respondent has moved for summary judgment, arguing that the Petition must be dismissed because Jones failed to exhaust available administrative remedies before pursuing relief in federal court.[9] The court directed Jones to respond within 30 days to any motion filed by the respondent.[10] The court warned Jones that her failure to respond within the time allowed could result in dismissal for want of prosecution under Fed. R. Civ. P. 41(b).[11] Jones has not filed a response as directed within the time allowed.[12]

---

[6] Id.

[7] Petition, Docket Entry No. 1, p. 7.

[8] Id.

[9] See Respondent's MSJ, Docket Entry No. 13, pp. 5-17. The respondent argues in the alternative that Jones' claim is without merit. See id. at 17-29. Because Jones clearly failed to exhaust administrative remedies before filing this action and has not filed a response to the Respondent's MSJ, the court does not address the respondent's alternative arguments.

[10] See Order to Answer, Docket Entry No. 7, p. 2 ¶ 4.

[11] See id. at 3 ¶ 4.

[12] On October 16, 2024, Jones filed a "Motion for Expedited Consideration" (Docket Entry No. 16). In the one-page motion,
(continued...)

## II. Discussion

### A. Want of Prosecution

The respondent states that Jones was released from FPC Bryan to a half-way house sometime after her Petition was filed.[13] The certificate of service reflects that a copy of Respondent's MSJ was sent to Jones at FPC Bryan, to the half-way house facility where she was assigned, and to an address Jones provided in a Notice of Change of Address.[14] Jones has not filed a response to the Respondent's MSJ as directed by the court.[15] Her failure to comply with a court order to provide a response to the Respondent's MSJ indicates that she lacks due diligence and is grounds for dismissal. See Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may dismiss an action sua sponte for failure to prosecute or to comply with any court order); Comeaux v. Cockrell, 72 F. App'x 54, 56 (5th Cir. July 15, 2003) (per curiam) (finding no abuse of discretion in dismissing a prisoner's suit for failure to comply with court orders).

---

(...continued)
Jones simply requests that the court rule quickly on the pending Petition. She does not address the arguments made in the Respondent's MSJ.

[13] See Respondent's MSJ, Docket Entry No. 13, p. 1 fn.1.

[14] See id. at 31.

[15] See Order to Answer, Docket Entry No. 7, p. 2 ¶ 4.

Because Jones has failed to comply with a court order, her Petition is subject to dismissal for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

## B.   Failure to Exhaust Administrative Remedies

In addition, the respondent has presented evidence that Jones did not complete every step of the BOP's administrative remedy process as required before filing this suit.[16]  A federal prisoner seeking relief under 28 U.S.C. § 2241 "'must first exhaust [her] administrative remedies through the Bureau of Prisons.'" Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted)).

The Bureau of Prisons has a four-step administrative remedy process, including:  "(1) informal resolution of the issue with prison staff, submitted on form BP-8; (2) a formal administrative remedy request to the Warden, submitted on form BP-9; (3) an appeal to the Regional Director, submitted on form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted on form BP-11." Butts v. Martin, 877 F.3d 571, 582 (5th Cir. 2017) (citing 28 C.F.R. §§ 542.13-15).  Exceptions to the exhaustion requirement apply only where the petitioner demonstrates that "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt

---

[16]See Declaration of Tanya Smith, Exhibit A to Respondent's MSJ, Docket Entry No. 13-1, pp. 3-5 ¶¶ 5-13.

-5-

to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (internal quotation marks and citation omitted).

Jones acknowledges that she did not exhaust her administrative remedies before seeking relief in federal court.[17] She argues that engaging in the administrative process is "futile" because it is "archaic" and is "set up to frustrate prisoners" because the process takes too long.[18] Jones has not met her burden to show that available administrative remedies were unavailable or that it would have been patently futile to try. See, e.g., Garza v. Davis, 596 F.3d 1198, 1200 (10th Cir. 2010) (rejecting petitioner's argument that it was futile to exhaust administrative remedies "since BOP had predetermined the issues"); Bringas v. Gillis, Civil Action No. 5:19-cv-14-DCB-MTP, 2020 WL 8993116, at *2 (S.D. Miss. Dec. 10, 2020) (holding that petitioner's assertion that exhaustion would take "too long" did not demonstrate that the administrative remedies are unavailable or futile), report and recommendation adopted by, Civil Action No. 5:19-CV-14-DCB-MTP, 2021 WL 1151532 (S.D. Miss. Mar. 25, 2021); Fernandez v. Warden, FCI Ft. Dix, Civil Action No. 24-9014 (KMW), 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("Petitioner's speculation that he would not receive relief or that it would take too long to exhaust his claims does not make

---

[17]See Petition, Docket Entry No. 1, p. 2 ¶ 7, p. 3 ¶ 8(a); Memorandum, Docket Entry No. 1-1, p. 1.

[18]Memorandum, Docket Entry No. 1-1, p. 1.

the exhaustion process futile – the process would still serve the valid purpose of producing a record for review and in any event would have permitted Petitioner to dispute any factual issues he may have had.").

The Fifth Circuit has upheld the dismissal of a federal prisoner's habeas petition under § 2241 for failure to exhaust administrative remedies related to an earned time-credit dispute. See Davis v. McConnell, No. 21-30091, 2021 WL 4467620, at *1-2 (5th Cir. 2021) (per curiam, unpublished) (rejecting the petitioner's arguments that exhaustion would be futile because he did not make a "strong showing" that the process was inadequate or that irreparable harm would result from requiring exhaustion); see also Gutierrez v. Hijar, No. EP-22-CV-446-FM, 2023 WL 311913, at *2-3 (W.D. Tex. Jan. 18, 2023) (concluding that dismissal was warranted for failure to exhaust where the petitioner presented no evidence showing that remedies were unavailable or inappropriate to the relief sought). Jones, who has failed to respond to the Respondent's MSJ, has not met her burden to show that exhaustion should be excused. When administrative remedies have not been exhausted as required, a habeas petition is properly dismissed. See Rourke, 11 F.3d at 49 (dismissing a habeas petition from a federal prisoner as unexhausted and therefore frivolous, referencing 28 U.S.C. § 1915(d), now codified at 28 U.S.C. § 1915(e)(2)(B)(i)). Because the respondent is entitled to summary

judgment on this issue, the Petition will be dismissed for this additional reason.

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Nnenna Mary Jones (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for lack of exhaustion.

2. The Respondent's Motion for Summary Judgment filed on behalf of Warden Tanisha Hall (Docket Entry No. 13) is **GRANTED**.

3. Petitioner's Motion for Expedited Consideration (Docket Entry No. 16) is **DENIED AS MOOT**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 22nd day of November, 2024.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE